ALBANY,
Oct. 1832.

Robinson
v.
Crandall.

### ROBINSON & CARSON *vs.* CRANDALL & VINCENT.

An *administrator* appointed abroad, may maintain a suit here *in his own name* on a note payable to his intestate or *bearer;* especially when the question whether or not he be a *bona fide* holder is submitted to the jury, and there is no pretence of a set-off or other defence as against the payee.

THIS was an action of assumpsit, tried at the Allegany circuit in October, 1829, before the Hon. ADDISON GARDINER, one of the circuit judges.

The plaintiffs declared as the *bearers* of two promissory notes for about $197, made by the defendants, bearing date in 1826, payable to Hosea Wetherly or *bearer*, and proved the signatures of the defendants. The defendants proved that in 1828, Robinson, one of the plaintiffs, admitted that the payee of the note, who had resided in Pennsylvania, had died there; that himself and another person were the administrators of his estate; that the payee had not left property sufficient to pay his funeral charges, except notes of about $100 or more, against the defendants, and a small note against one Wright, and that he had come from Pennsylvania into this state to collect those notes. The defendant objected to a recovery, on the ground that no assignment of the notes having been proved, and it having been shewn that the payee was the holder of them at the time of his death, neither the *administrators* of his estate appointed in *Pennsylvania,* nor any other person had the right to maintain a suit upon them. The judge charged the jury that possession of the notes alone entitled the holders to maintain the suit, unless the jury should be of opinion that such possession was *fraudulently* obtained; in which case they ought to find a verdict for the defendants. The jury found for the plaintiffs. The defendants moved for a new trial.

*A. Herrick,* for the defendants.

*G. Miles,* for the plaintiffs.

ALBANY,
Oct. 1832.

Robinson
v.
Crandall.

*By the Court*, SUTHERLAND, J. The motion for a new trial must be denied. The jury have found that the plaintiffs came honestly by the notes on which the suit is brought; that they were not obtained by them fraudulently. That question was distinctly submitted to them by the judge, and they were charged to find for the defendants, if they believed the plaintiffs obtained the possession of the notes fraudulently.

The notes being payable to bearer, and the payee having died in Pennsylvania, admitting the plaintiffs to have been his administrators there, and in that manner to have obtained the possession of the notes, I see no legal objection to their maintaining an action upon them in their own names as bearers. As administrators they could not sue here. Letters testamentary, or of administration granted abroad, give no authority to sue here; we take no notice of them. 1 *Johns. Ch. R.* 156. 6 *id.* 353. 7 *Cowen*, 68, *and cases there cited.* But being the real owners of the notes, they had a right to declare as bearers and recover in that character. A mere agent, having a note of his principal, payable to bearer, may sue on it in his own name, and it does not lie with the defendant to object the plaintiff's want of interest. 7 *Cowen*, 174, *and cases there cited.* It was not pretended in this case, that the defendants had any set-off or other defence as against the payee.

Motion for new trial denied.