Van Orden's Administrator v. Reynolds.

---

VAN ORDEN'S ADMINISTRATOR *vs.* REYNOLDS.

An *administrator* is not liable to *costs* in an action brought by him on a note payable to *bearer*, where the verdict passes against him, although he might have commenced the suit in his own name, if it be not shown that the suit was wantonly brought, or conducted in bad faith. Where the cause of action accrued to the intestate in his lifetime, the administrator is not liable to costs though he fail in the action.

Townsend *v.* Babcock.

THE suit was on a joint and several promissory note made by the defendant and one *Hoag*, in the year 1825, for $736, payable with interest four years after date to *Robert Le Roy Livingston* or *bearer*. Livingston transferred the note to *Van Orden* in his lifetime. The administrator, finding the note among the papers of the intestate, sued to recover the amount. The defence was failure of consideration as between the original parties to the note, and that the intestate had not paid value at the time the note was transferred to him. Verdict for the defendant.

*J. W. Edmonds*, for the defendant, now moved for an order that the administrator pay costs.

*J. T. B. Van Vechten* opposed.

*By the Court*, BRONSON, J. On examining the facts detailed in the papers, I am unable to say that the suit was wantonly brought, or that there was any bad faith in conducting it. The only remaining question is, whether the action was necessarily prosecuted in the right of the intestate. (2 *R. S.* 615, § 17.) The statute has not introduced a new rule, but is a substantial re-enactment of the old statute, as it had been expounded by judicial decisions. It is said that the administrator might have sued in his own name without mentioning his representative character, because the note was payable to *bearer*, and the case of *Robinson* v. *Crandall*, (9 *Wendell*, 425,) is relied on as establishing that doctrine. That case decides that the plaintiffs, having come honestly to the possession of notes payable to bearer, might sue in their own names; and proving that they received the notes as administrators in *Pennsylvania*, would not defeat the action. The judge remarked, that a mere agent having a note of his principal, payable to bearer, may sue on it in his own name, and it does not lie with the defendant to object the plaintiff's want of interest.

The general rule is, that if an executor or administrator sue in his representative character, when he might have sued in his own name, he must pay costs if he fail. If he bring trover on his own possession to recover the goods of the testator or intestate, he shall pay costs if the defendant succeeds, because the action might have been brought in his own name. So, if he sue for money had and received to his use as executor or administrator. But where the debt or cause of action accrued to the testator or intestate in his lifetime, the executor or administrator suing in that character is not liable to costs if he fail in the action. Here the action wholly accrued to the intestate in his lifetime. I do not think it necessary to go through with the cases. The rule was fully considered in *Ketchum* v. *Ketchum*, (4 *Cowen*, 87,) and should not be departed from.

Motion denied.