## NEW YORK SUPERIOR COURT.

MARY JANE ROBBINS, administratrix, &c. of CHARLES A. ROBBINS, appellant agt. HENRY WELLS and JOHN BUTTERFIELD and others, doing business under the name of the American Express Company, respondents.

*It seems*, that where it appears on the face of the complaint that the plaintiff brings suit here as a *foreign administratrix*, and the defendant does not take the *objection by demurrer* to the plaintiff's legal capacity to sue, it is *waived*, under §§ 144, 1847 and 148 of the Code.

A *judgment dismissing the complaint* at the trial, solely on the ground that the plaintiff has not legal capacity to sue, is not a *bar* to another action legally instituted by the plaintiff. But it is otherwise, if the judgment of dismissal is on the ground that the *action will not lie against the defendants*.

The mere leave to file a supplemental complaint by the representative of a deceased plaintiff, decides nothing as to the plaintiff's *rights*. But a judgment that the plaintiff in it have leave to prosecute the original action and succeed to all the rights of the first plaintiff, is a different matter. Where the court can see on the face of the supplemental complaint that the former action is fatally defective, it may refuse such judgment. Per ROBERTSON, J.

The *members* of a *joint stock company* cannot be sued *as such*, until after a suit has been brought against the association in the manner prescribed by the statute (3 *R. S.* 5th ed. 777, §§ 122, 125), and judgment obtained against it, and execution thereon has been issued and returned unsatisfied. That is, the remedy at law must be first fully exhausted against the association, before an action will lie against the individual members.

*General Term*, *June*, 1863.

*Before* BOSWORTH, *Ch. J.*, ROBERTSON and BARBOUR, *JJ.*

THIS action was commenced in favor of Charles A. Robbins, against the defendants, to recover of them the value of certain goods, which it is claimed were delivered to the defendants, to be conveyed to Muscatine, in the state of Wisconsin. The defendants are claimed to be carriers of goods, and to · be doing business under the name of the "American Express Company." Before the trial, Robbins the plaintiff died, and leave was obtained to file a supplemental complaint and to continue the action in the name of Mary Jane Robbins, the administratrix. Letters of administration had been issued to her in the state of Wisconsin.

The defendants Wells and Butterfield, who only are served with process, answer jointly ; and among other things deny that the trunk (alleged to contain the goods in question), in the complaint referred to, was delivered to them, but on the contrary aver that it was delivered to the " American Express Company," a joint stock association, which consisted of more than seven shareholders or associates, of which the defendants were two. The answer raises the objection that the shareholders cannot be sued, but that the action should in the first instance be brought against the association in the name of the president and treasurer.

Upon the trial it did appear that the American Express Company was a joint stock association, consisting of more than seven shareholders ; and that the trunk alleged to, contain the goods in question was delivered to the company for carriage, and not to the defendants Wells and Butterfield.

At the close of the plaintiff's case the defendants moved for a nonsuit and a dismissal of the plaintiff's complaint upon the grounds :

1. That the action is brought in the name of a foreign administratrix who can have no standing in the court, as no administration had been taken out in this state.

2. That the action should have been brought against the " American Express Company," and not against the shareholders.

3. That there was no evidence as to what goods were put in the package in question.

The learned judge, before whom the action was tried, granted the motion and dismissed the complaint, and an appeal was taken to the general term.

W. R. MARTIN, *for appellant.*
HOOPER C. VAN VORST, *for respondents.*

Bosworth, Ch. Justice. The fact that the plaintiff is a foreign administratrix appears on the face of the supplemental complaint, and if that fact does not make the complaint one which fails to state facts constituting a cause of action, but on the contrary makes the case one in which the plaintiff has not legal capacity to sue, the defect is waived by the defendants' omission to demur. (*Code*, § 144, *sub*. 2, *and* §§ 147 *and* 148). Though a foreign administratrix, she might receive payment of this claim and give a valid release. (*Doolittle* agt. *Lewis*, 7 *J. Ch. R.* 49).

In chancery a probate taken out in this state at any time before the hearing, has been held an answer to the objection that a complainant is a foreign administratrix, the objection not having been taken in the pleading. (*Osgood* agt. *Franklin*, 2 *J. Ch. R.* 18 ; *Goodrich* agt. *Pentleton*, 4 *J. Ch. Rep.* 551, 552; *Doolittle* agt. *Lewis*, 7 *J. Ch. Rep.* 51). The omission to take out letters in this state is said, in *Doolittle* agt. *Lewis*, to be a formal defect; by which I understand it to be affirmed, that though necessary to clothe the party with a legal capacity to sue as a matter of right, it is a defect which may be waived, where it does not appear that any prejudice may result by not insisting on the act being done as a prerequisite to making such a decree as would be just, on the merits of the case.

In *Campbell* agt. *Tousey* (7 *Cow. R.* 64) it was held that a foreign administrator who had received property of the decedent and had not taken out letters in this state might be sued in this state as executor *de son tort*, but it would be a defence that he had accounted in the due course of administration for all the property he had received.

In *Robinson* agt. *Crandall* (9 *Wend. Rep.* 425) foreign administrators were allowed to sue in their own names on notes belonging to their intestate, payable to bearer. They were treated as the real owners of the notes. There was no defence in that case, except that the plaintiffs alleged incapacity to maintain the suit.

If, therefore, it appeared that the complaint was dismissed solely on account of the plaintiff being a foreign administratrix, I should hesitate to affirm the decision. There is, however, a defect which I deem fatal, conceding that the objection that the plaintiff is a foreign administratrix is one merely to her legal capacity to sue, or to further prosecute this action, and is waived by omitting to demur to the supplemental complaint.

The defendants are members of a joint stock company consisting of more than seven associates. The associates cannot be sued as such, until after a suit has been brought against the association in the manner prescribed by 3d R. S. (5th ed. p. 777, §§ 122, 125), and judgment has been obtained against it, and an execution against it has been returned unsatisfied. It was, therefore, right to order the supplemental complaint to be dismissed.

The case states that the complaint was dismissed at the trial. This clearly means the supplemental complaint. There was no other complaint before the judge who tried the cause. The case now before the court purports to contain the pleadings and to state the proceedings which were before the judge at the trial, and they contain no pleading except the supplemental complaint and the answer thereto.

The defendants' motion for a new trial should be denied and an order be entered dismissing the supplemental complaint absolutely with costs of the proceedings had thereon. I see no objection to the entry of a judgment to that effect.

There has been a trial between the parties now litigating before the court, within the meaning of the word trial, as defined by the Code. (Code, § 252).

The Code defines a judgment to be, "The final determination of the rights of the parties in the action."

The only parties in the action now litigating in it, are the plaintiff as a foreign administratrix and the defendants. A final determination that she has no right to further prose-

Robbins agt. Wells.

cute it, and that her supplemental complaint be dismissed, is a judgment as that word is defined by the Code.

Such a decision and judgment if pronounced solely on the ground of the plaintiff's incapacity to prosecute the action will eliminate from the cause all proceedings commencing with her supplemental complaint, and leave it as it was when she intervened. If pronounced on the grounds that her legal incapacity is waived by an omission to demur, and that no action will lie against the defendants, and if both grounds are well taken, might be a bar to further proceedings, even if the plaintiff should take out administration in this state.

The judgment or final order may, and I think should, show the point decided, and the ground of the decision.

It will be time enough to determine the effect of the decision, when it is regularly raised hereafter for judicial adjudication.

ROBERTSON, J. It appears by the case that only one action was tried, one set of pleadings before the court, and one complaint dismissed, and that was the supplemental action brought by Mrs. Robbins to enable her to succeed to whatever rights her husband had in the original action, and prosecute it to a conclusion. One of the grounds on which such dismissal was asked for, was the legal disablility of Mrs. Robbins to prosecute any action. Whatever testimony was admitted on such trial to sustain the original cause of action was, therefore, immaterial, and may be dismissed from our consideration. The present plaintiff's attorney appears from the complaint to have proceeded upon the erroneous view that the leave granted to file a supplemental complaint necessarily either absorbed the original action in the new one, or established the plaintiff's right to sue for the same cause of action. The present complaint, except that it alludes to the previous action, would be suitable for an entirely new one. As a supplemental complaint

where the original alleges the facts on which the action is based, the reiteration of those facts is entirely unnecessary. What was in the original complaint (if any was filed) does not appear, as it is not before us. At all events it is necessary to try both actions before it can be determined whether there was originally a cause of action.

Clearly the determination whether the party filing the supplemental bill was entitled to succeed to the rights of the original plaintiff was necessary, before ascertaining whether there was any cause of action, and if she were not so entitled, the court would not undertake to pass upon the original issues in this cause, when the true successor to the plaintiff's rights was not before them to maintain them.

.Assuming then that the only action tried was the supplemental one, and the only issue in it to be the right of Mrs. Robbins to succeed to her husband's position as plaintiff, I fully concur with the chief justice in holding that the objection to her right to prosecute by reason of deriving title under a foreign administration was waived, as being the second cause of demurrer specified in the 144th section of the Code; under section 148 such objection goes wholly to the right to sue, and not that to receive or discharge the claim. (*Doolittle* agt. *Lewis*, 7 *J. Ch. R.* 49; *Robinson* agt. *Crandall*, 9 *Wend. R.* 425). They may be sued in this state in their representative capacity for moneys collected by them, including such a claim (*Campbell* agt. *Tousey*, 7 *Cow. R.* 74), and they may assign their claims so as to give the assignee a right to sue.

A voluntary payment by the defendants to the plaintiff would have discharged the latter as against all claimants. The defendants may, therefore, choose to waive the objection as to the right to recover by the plaintiff, and put their defence on the merits. A payment by them after the action was terminated, whether voluntary or involuntary, would bar the action of any other person.

The mere leave to file the supplemental complaint decides

nothing as to the plaintiff's rights. The judgment that the plaintiff in it have leave to prosecute the original action and succeed to all the rights of the first plaintiff is a different matter. Where the court can see on the face of the supplemental complaint that the former action is fatally defective, it may refuse such judgment. (*Candler* agt. *Pettit*, 1 *Paige R.* 168; *Day* agt. *Potter*, 9 *Paige R.* 645).

I think that the provisions of the statute of 1853 (*ch.* 153) amending the statute of 1849, as to joint stock companies (3 *R. S. 5th ed.* §§ 125, 827, *pp.* 777, 778), is peremptory in requiring suits against partnerships consisting of more than seven members to be brought against the president or treasurer, in order to determine their liability, and the remedy against their joint property to be exhausted, before an action can be brought against the individual associates.

The answer to the supplemental complaint is that the defendants are members of such a joint stock association, and therefore no action can be maintained against any one but the officers named in the statute. This may be considered as an objection arising under the first or fourth of the causes of demurrer specified in section 144 of the Code. The court has no jurisdiction of the subject of the action so as to make the defendants responsible, until after the recovery of judgment and issuing of execution against the officers of the association; and even if the defendants are at all proper parties to the supplemental action, clearly the officers in question should be added, and in that respect there is a defect of parties.

The dismissal of the supplemental complaint was, therefore, proper, and should be affirmed with costs. On the character of the evidence on the merits, I do not undertake to pass.

BARBOUR, J. This action was brought by Charles A. Robbins, in his lifetime, to recover the value of certain

watches and other articles contained in a trunk, alleged in the complaint to have been placed by him in the hands of the defendants, as common carriers, to be by them delivered to him at Iowa city, in the state of Iowa, together with damages for the improper detention of other goods delivered to the defendants at the same time, for like transportation.

After the commencement of the action Robbins, the plaintiff, died, intestate, whereupon the present nominal plaintiff applied to the court for and obtained leave to file and serve a supplemental complaint, and to continue the action in her name as administratrix; under which order such supplemental complaint was served, and an answer thereto was put in by the defendants, Henry Wells and John Butterfield.

The supplementary complaint commences thus: "The plaintiff complaining of the defendants Henry Wells and John Butterfield, who, with others unknown to the plaintiff, do business in the city of New York as expressmen or forwarders under the name of the American Express Company;" and, after averring the placing of the goods in the hands of the defendants for transport, and their failure to deliver a portion of them, amounting in value to $680, and an unnecessary detention of the others, and alleging that the plaintiff had been appointed, *by a county judge in the state of Iowa*, administratrix of the effects, &c. of Charles A. Robbins, concludes with a prayer for a judgment against the defendants for the alleged amount of the loss and damages.

The answer contains a general denial, and also sets up the fact, among other things, that the goods were received from Robbins by the American Express Company, a joint stock association composed of more than seven shareholders or associates, two of whom were the defendants Wells and Butterfield, the only defendants named in the summons and complaint; that such association was organized under

the laws of the state of New York, and had a president (the defendant Henry Wells) and a treasurer.

Upon the trial, the plaintiff, to establish the delivery of the goods to the defendants, exhibited in evidence a receipt in the following words :

### AMERICAN EXPRESS COMPANY.

Wells, Butterfield & Co., Express Forwarders and Foreign and Domestic Agents.

Wells, Butterfield & Co., Proprietors, Between New York and Buffalo, 62 Broadway, and New York and Dunkirk. New York. } Livingston, Fargo & Co., Buffalo, west.

NEW YORK, *Sept.* 18, 1854.

Platt & Brothers have delivered *to us* two boxes and one trunk marked as follows: Charles A. Robbins, Iowa City, Iowa, which we undertake to forward to only perils of navigation and transportation excepted. And it is hereby expressly agreed that said American Express Company are not to be held liable for any loss or damage of any box, package or thing for over $150, unless the just and true value thereof is herein stated; nor for any loss or damage by fire; nor upon any property or thing, unless properly packed and secured for transportation; nor upon fragile fabrics, unless so marked upon the package containing the same; nor upon any fabrics consisting of or contained in glass.        For the proprietors.

Contents unknown.                                             PRIDE.

It was admitted that Pride, the signer of the receipt, was an agent of the American Express Company, and had authority to sign it. Evidence was also given, tending to prove that the trunk mentioned in the receipt was not delivered to Robbins at Iowa City until about the 20th of April, 1855 ; that it was then in bad order and condition, and that, upon being opened, it was found that a portion of the goods, consisting of gold and silver watches, &c., amounting to $880.67, originally placed in such trunk, had been abstracted or lost therefrom.

On the close of the evidence thus presented on the part of the plaintiff, the defendants moved to dismiss the complaint upon the following grounds :

1st. Because the action is brought in the name of a foreign administratrix, who can have no status in this court. 2d. Because the action is not brought against the American Express Company, but against its individual shareholders. 3d. Because there is no evidence that any of the missing goods were put into the trunk.

That motion was granted, and thereupon the plaintiff excepted and appealed.

Upon a careful examination of the case, I have become satisfied that the evidence given upon the trial was insufficient to establish the loss of the goods while in possession of the defendants or in that of the express company.

There is no evidence whatever to show that the invoice or bill which was in the hands of the Iowa witnesses, at the time they examined the contents of the trunk, was the real invoice which was furnished to Robbins by his vendors, or even a correct copy ; and the evidence given to show that the missing articles were placed in the trunk, and not in the boxes, is at best exceedingly slight. It appears, too, that the trunk in question was in the hands of Robbins some hours, at least, before it was examined by the witnesses ; and there is no evidence whatever as to its real condition or that of its contents at the time it was delivered to him.

I am also of opinion that the case made by the complaint, modified and changed as it was by the admission made upon the trial that the American Express Company was composed of more than seven associates, and the exhibition in evidence of the receipt of their agent Pride, was insufficient to authorize a judgment against the defendants ; for the defendants here are only two of more than seven partners or associates, all of whom were engaged in the same transaction, and were jointly liable, and who, except for the acts of 1846 and 1851 (3 *R. S. 6th ed.* 777), must all have been impleaded as defendants. Those acts, however (§§ 122, 125, *id.*), for the purpose of aiding creditors in the prosecution of their claims against associations composed of more than seven persons, have authorized suits to be brought against them in the name of their president or treasurer, and by the service of a summons upon such officer has prohibited the institution of actions against such association individually in the first instance in any

other way; and this action is brought, not against the association, nor its president or treasurer as such officer, but against the defendants Wells and Butterfield individually, or as two only of more than seven partners.

But, although the plaintiff was not entitled to judgment upon closing her proofs, and when the motion was made to dismiss the complaint, it by no means follows that the court had power so to dismiss it. If the plaintiff in the supplemental complaint has no such standing in the court as entitles her to prosecute the suit, the action, which is still in existence notwithstanding the death of the original plaintiff (*Code*, § 121), ought to be permitted to stand so as to leave the real representative of the deceased plaintiff at liberty, if he should be so advised, to apply for leave to prosecute it to judgment. It seems to me quite clear that the true representative cannot properly be deprived of this right by the intervention of an outsider. Indeed, unless the proper parties were properly before the court at the time the trial was had, the judge had no jurisdiction to direct a dismissal.

It is well settled, both in England and this country, that courts will not take notice of letters of administration granted abroad, and that a foreign administrator has no right as such to maintain an action. (*Campbell* agt. *Tousey*, 7 *Cow. R.* 64; *Robinson* agt. *Crandall*, 9 *Wend. R.* 425, *and cases there cited*).

Of course, the plaintiff in the supplemental complaint is not entitled, as an administratrix, appointed in Iowa, of the goods, &c. of the original plaintiff, to continue the action as the representative of the original plaintiff, and to prosecute the same to judgment.

I am of opinion, therefore, that the order dismissing the complaint should be set aside and vacated; leaving the defendants to take such action in the premises as they may be advised.