Jones, J.
Section 115 of the Code provides that when an infant is a party he must appear by guardian. This section is substantially the same as the provisions of the Revised Statutes.
The defendant’s counsel cites four cases decided under the provisions of the Revised Statutes, (Mockey v. Grey, 2 John. 192 ; Bliss v. Rice, 9 id. 160 ; De Witt v. Post, 11 id. 460 ; Gosling v. Acker, 2 Hill, 391,) and one case arising under the Code, (Kellogg v. Klock, 2 Code Rep. 28,) in all of which,, a judgment against an infant was, on the application of the" infant, either set aside, or reversed, for error in fact, on the ground that no guardian ad litem had been appointed for the infant. Counsel for the plaintiff urged that the non-appointment of a guardian is a mere irregularity, which may be waived.
Conceding it to be a mere irregularity, yet I am at a loss to see how by unauthorized legal proceedings an infant can waive it. The cases cited by the plaintiff’s counsel (Palmer v. Davis, 28 N. Y. Rep. 242; Robbins v. Wells, 26 How. Pr. 15 ; Fellows v. Niver, 18 Wend. 563; Parks v. Parks, 19 Abb. 161; Van Amringe v. Barnett, 8 Bosw. 359 ; *548 Rutter v. Puckhofer, 9 id. 638) do not decide that an infant can waive the irregularity. In all these cases, an adult defendant, after pleading to the merits, sought to set aside a judgment rendered against him, on the ground of some disability in the plaintiff, such as being a married woman, or an infant, and suing without the appointment of a next friend or guardian. Those decisions proceeded upon the well recognized principle (which is substantially incorporated in the Code) that a plea in bar waives all pleas in abatement, one of which was an infant plaintiff suing hy attorney, without guardian. This principle was well known and established at the time of the decisions relied on hy the defendant’s counsel, but neither the counsel nor the court deemed it applicable to an infant.
In De Witt v. Post, (11 John. 460,) a verdict had been obtained against the defendant, who sued out a writ of error, and assigned as error in fact that he was an infant, at the time of the plea pleaded, but had appeared by attorney. For this error the judgment was reversed.
In Gosling v. Acker, (2 Hill, 392,) Gosling and wife brought replevin against Acker. On the trial the plaintiffs were nonsuited, and the defendant had a verdict for the value of the goods, and costs. The plaintiff brought error, and assigned for error in fact that Gosling appeared by attorney, although at the time of appearance, and at the time of trial, and also at the time of giving judgment, he was only twenty years and nine months of age, and ought to have appeared by guardian. The court held the assignment of error valid, and reversed the judgment.
"Upon a review of the authorities, ! am confirmed in the view which I took at the argument, that an infant cannot waive the objection that his rights have not been protected in the manner prescribed by the law.
The rule requiring the appointment of a guardian has its foundation, as is observed in Kellogg v. Klock, (2 Code Rep. *549 28,) “ in the want of legal capacity in the infant to perform, any valid act in the conduct of his defense, upon the ground of a presumed want of understanding.” If he can perform no valid act, a waiver by him will be invalid.
It was suggested that there is a difference between an action brought on a contract made by an infant and one brought for a tort committed by the infant. ■ The principle upon which a guardian is required permits of no such distinction ; and the cases do not recognize any. De Witt v. Post, and Gosling v. Acker, were both actions of tort, but in both of those cases the fact of the infant having appeared by attorney, without guardian, was held fatal to the judgments.
The motion must be granted, with leave to the plaintiff to serve the complaint on the attorney for the guardian ad litem, and complaint to be answered, within twenty days after the service thereof. Ho costs of the motion to either party.