# N. Y. SUPERIOR COURT.

## WILLIAM HOWARD agt. CHARLES DUSENBURY.

Where a judgment is entered against a defendant, on contract, by default, and the defendant is afterwards several times examined in supplementary proceedings thereunder. without objection to the regularity of the judgment, he cannot on motion, made some twenty years afterwards, have the judgment set aside on the ground that he was an *infant* when the judgment was entered and that no *guardian ad litem* had been appointed for him in the action. His delay waived the irregularity in the entry of the judgment

*Special Term March,* 1873.

MOTION to set aside a judgment obtained by the defendant's failure to answer on the 2d day of June, 1853, on the ground that the defendant was an infant, under the age of twenty-one years at the time of the entry of the judgment, and that no guardian was appointed in the action, and as matter of favor.

IRA D. WARREN, *for defendant, for the motion.*
FISHER A. BAKER, *for plaintiff, opposed.*

VAN VORST, *J.*—The material facts alleged in the affidavits in support of this motion on the merits, tending to show that defendant was not liable for the services, to recover for which, this action was brought, are distinctly denied in the affidavits read in opposition, and if relief be granted, it can only be on the ground that the defendant was an infant when the action was brought, and the judgment recovered, and that no guardian had been appointed.

It is not affirmatively alleged in the moving affidavit that a guardian *ad litem* had not been appointed for the defend-

ant, yet in the notice of motion an omission in this regard is alleged as the ground of irregularity. The statement in the defendant's affidavit being that "this suit was commenced by the service of the summons on the 5th of May, 1853, and that defendant at that time, and until the 9th day of November, 1853 was a minor."

The presumption would be in favor of the regularity of the legal proceedings, and that every thing necessary to bring the defendant properly in court, was done.

But in the affidavit of the attorney who conducted the suit to judgment it is stated that he had never heard, and had no reason to suspect or believe that the defendant at the time the action was commenced was a minor, but on the other hand from the defendant's appearance and other evidence, he then believed and now believes the defendant was of full age, it is properly inferable therefore that no guardian had been appointed. It is not pretended or claimed that such steps had been taken, and this application must be decided on that ground. The judgment obtained against the defendant is not absolutely void on account of a failure to have a guardian *ad litem* appointed.

In *Kellogg* agt. *Klock*, (2 *Code Rep.* 28), GRIDLEY, J. says, "that the taking judgment against an infant by default without the appointment of a guardian *ad litem* was an irregularity," that there had been a want of adherence to the prescribed rule or mode of procedure. In *Fairweather* agt. *Satterley*, (7 *Rob.* 546), such omission is regarded as an irregularity.

In the light of an irregularity it is apparent that the delay of the defendant, on the facts, furnishes an answer to his application. It is true that no laches is imputable to an be infant "*durante minoritate*" because he is not supposed to conversant of his rights and not capable of enforcing them (*Ware* agt. *Bush*, 1 *McLean R.*, 533). But in this case it appears that before the infant had arrived at full age, he was once examined in proceedings supplementary to execution

upon the judgment and twice afterward, once in the year 1858, and again in August, 1872, and at no time, until this motion as noticed pretended or claimed that he was a minor when the judgment was recovered or that there was any irregularity in the proceedings.

A judgment is in evidence of an indebtedness of a solemn form, in moving to set it aside for irregularity or otherwise the party affected should act with promptness : unreasonable delay in moving after knowledge of an irregularity, will be construed into a waiver, and will be deemed an acquiescence.

"No judgment in any court of record shall be set aside for irregularity on motion, unless such motion be made within one year after the time such judgment was rendered" (2 R. S., 359 Code § 174).

This defendant had notice of this judgment at least as early as his first examination under proceeding supplementary to execution. He has acquiesced in it for nearly twenty years since he became of age.

In *Kemp* agt. *Cook*, (18 *Maryl.*, 130), it was held that when an infant waited six years after the entry of a judgment against him in an action in which he had appeared by attorney, his laches deprived him of the right to set the judgment aside for irregularity.

In *Graham* agt. *Pinckney*, (7 *Robt.*, 147), it has held that when a defendant has by his laches deprived himself of any legal right to set up the defense of infancy to avoid his contract, the court will not aid him by setting aside a judgment entered against him by default. In *Fairweather* agt. *Satterley* (*supra*), the applicant was still an infant when he moved for relief.

Under the circumstances of this case, considering the lapse of time since the defendant had first knowledge of this judgment, and the proceedings which have been had therein without objection, it would be improper at this late day to set it aside. The defendant must be deemed to have waived its regularity. Motion denied with costs.