WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—
APRIL, 1877.

## MATTER OF TRAZNIER.

*Matter of accounting of* T. G. SWARTWOUT, *Guardian of* MARTHA E. TRAZNIER, *a minor.*

A conservator or committee of a lunatic minor, appointed in another state, is not entitled in the Surrogates' courts, to call a guardian of the minor in this state, to account for, and pay over to him, the Estate of the minor in his hands. The remedy is by application to the Supreme Court.

SINCE the guardian of the minor was appointed, she has become a resident of the state of Connecticut. She is now of age. Shortly before, or since, she attained her majority, she became a lunatic, and was so pronounced by the proper authorities of the sister state, and a conservator, tantamount to a committee under our statutes, was appointed. This conservator filed in the office of the

Surrogate evidence of his appointment, and then petitioned for a citation requiring the guardian to appear and account, and pay over to the petitioner the moneys in his hands. On appearing, the guardian admitted that he had in his hands as such, the sum of $500, together with interest thereon, from August 8, 1875, less $1.50 to be deducted therefrom. He objected, however, that this court has no authority to compel him to pay the money, and that the applicant is not in a position to enforce its payment.

DANIEL HAIGHT, *for petitioner*.

T. G. SWARTWOUT, *in person*.

THE SURROGATE.—It has been repeatedly decided in this state, that letters testamentary, or of administration granted abroad, will not be entitled to notice in our courts. By the laws of some states and countries, where the decedent has made a will, and has named an executor to administer the estate, such executor becomes entitled to the possession of the whole of the personal estate, wherever situated. Such was the law of this state previous to our Revised Statutes. But, in cases of intestacy, the right of the administrator, except where he is entitled to the succession, must, in equity as well as in law, depend upon his grant of a power to administer by the proper tribunal. And even where the grant has been made by the tribunal of the state or country where the decedent was domiciled at the time of his, death, the grant cannot extend, as a matter of right beyond the territory of the government making the grant. Hence, if the letters were granted in another state, the administrator cannot maintain an action here to recover assets of a decedent, unless he first take out ancillary letters here. (*Robinson* v. *Crandall*, 9 *Wend.* 425, *Smith* v. *Webb*. 1 *Barb. R.* 230, *Vroom* v. *Van Horne*.

10 *Paige*, 549.) The doctrine prevails in reference to a minor domiciled and having a guardian in another state, who has property here; and I see no reason why it should not be equally applicable, in so far as the removal of the property is concerned, to the case of a lunatic non-resident.

It seems to be the policy of our laws to protect and preserve the property that may be within the jurisdiction of the state, and not to permit its removal by the action of its courts, without due circumspection and certain legal safe-guards. A conservator or committee of a lunatic, appointed in another state, has no more power in this regard, than an executor, administrator or guardian thus appointed. It would seem that a foreign executor, or administrator, and perhaps a committee of a lunatic, may in ordinary cases, receive money or property belonging to the estate he represents, which is situated in this state, if the same be voluntarily surrendered to him, (*Brown* v. *Brown*, 1 *Barb. Ch.*, 189), but he cannot recover the same, by action in our courts. It may, however, be doubted whether the guardian in this case, having been appointed by this court, could be justified in making such voluntary payment. In the *Matter of Taylor*, (9 *Paige*, 610) the lunatic had a committee, or conservator of his person and estate, in the state of Connecticut, where he resided, and, having property here, an application was made to the Chancellor, to appoint a committee of his estate, which was located here. The question as to the propriety of the application, and the power of the Chancellor in the premises, was not even questioned, or discussed, and the committee was appointed.

I am satisfied that this court has no power to direct the guardian to pay the fund in his hands to the conservator thus appointed abroad, and that the only mode

by which the fund can be reached and applied to the support of the lunatic, is by an application to the Supreme Court, which has power to appoint a committee of the estate here, and to direct and control such committee, as to the mode of its disposition.

The application is therefore denied.