Barber *v.* Graves.

### Heman Barber *v.* Lewis Graves.

When an infant brings a writ of error to reverse a judgment rendered against him, the court only vacate the judgment, but do not set aside the proceedings altogether.

Where an action was commenced against an infant before a justice of the peace, and judgment was rendered against him, and he appealed, and the case was entered in the county court, and a judgment was there rendered against him, and the infant had appeared by himself before the justice, and by attorney in the county court, and not by guardian, and, on writ of error brought for this cause, the supreme court vacated the judgment and remanded the case to the county court, and a guardian *ad litem* was then appointed by the county court, who moved to dismiss the appeal, for the reason that it was taken and entered in the county court by attorney, and not by guardian, it was held, that the appeal should not be dismissed.

A judgment rendered against an infant, who appears by attorney, is not void, but voidable. And where such judgment was rendered by a justice of the peace, and the defendant appealed, and, while the case was pending in the county court, the infant became of full age, and the attorney, who had thus far appeared for him, withdrew his appearance, and judgment was thereupon rendered against the defendant by default, it was held, that *audita querela* would not lie to vacate such judgment. *Blackmer* v. *Dow*, Chittenden Co., 1836, cited by Williams, Ch. J.

THIS was an action of trespass on the freehold, originally commenced before a justice of the peace, and entered in the county court, by appeal of the defendant, at the September term, 1842. At the April term, 1843, judgment was rendered, on trial, in favor of the plaintiff. Upon this judgment a writ of error was brought by the defendant, returnable before the supreme court, January term, 1844, in which the appearance of the defendant by attorney in the county court, and his infancy at the time of such appearance, was assigned for error. The supreme court reversed the judgment of the county court for the error assigned, and remitted the case to the county court for farther proceedings, and the case was entered in the county court, April term, 1845. At that term, the defendant not yet having arrived at full age, a guardian *ad litem* for the defendant was appointed, who appeared and filed a motion to dismiss the appeal of the defendant, because the defendant appeared and pleaded before the justice and took his appeal from the judgment rendered by the justice in his own person, and not by guardian, and also because the appeal was entered in the county court by an attorney, and not by the guardian of the defendant, the defendant being an infant, within the age of twenty one years, at the time of the trial before the justice and during all the subsequent proceedings in the county court.

The county court,—WILLIAMS, Ch. J., presiding,—overruled the motion to dismiss the appeal; to which decision the defendant, by his guardian, excepted. On the plea of not guilty judgment was subsequently rendered in favor of the plaintiff.

*L. C. Kellogg* for defendant.

The record shows, that, in this case, the appeal was taken by the minor in person and entered in the county court by an attorney, instead of the guardian. It is contended, that, on account of the invalidity and irregularity of this proceeding, the appeal should be dismissed.

1. As a general rule, an infant can do no legal act, that will bind him. 1 Bl. Com. 492. That the appearance and defence by an infant, whether in person, or by an attorney, is an error, which invalidates the proceeding, has been settled in this case. The reason, policy and analogies of the law in relation to infants equally

Barber v. Graves.

require, that the assistance and protection of the guardian should be as necessary, to give validity and regularity to the appeal of an infant, as to his appearance and defence.

2. Whether the appeal was *void*, or merely voidable, is unimportant; because, if taken to be only voidable, as soon as the infant made a legal appearance in the suit, by his guardian, he claimed his privilege.

*Briggs & Williams* for plaintiff.

The questions involved in the motion to dismiss were suggested to this court on trial of the writ of error, and were decided, and have become *res adjudicatæ*.

If the infant has had a guardian assigned to him in season for his defence, all has been done, which the law requires; if more were required, it would be unreasonable and could secure no beneficial result.

The taking the appeal and entering it in the county court was equivalent to the commencement of a suit by an infant,—which he may do in person, and have a *prochein ami* appointed by the court upon the return of the writ. Dunlap's Pract. 87. Grahame's Pr. 743. 2 Arch. Pr. 154.

The opinion of the court was delivered by

WILLIAMS, Ch. J. This case comes before us on exceptions to the decision of the county court in refusing to dismiss the cause on motion of the defendant. The defendant, an infant, was sued before a justice of the peace, and appeared before the justice, but not by guardian; a judgment was rendered against him, from which he took an appeal; at the county court a judgment was again rendered against him; but, as he appeared by attorney, and not by guardian, on a writ of error brought by him the judgment of the county court was reversed, and the cause remanded to that court, where a guardian was appointed, who made the motion to dismiss now under consideration.

A judgment rendered against an infant, who appears by attorney, is not void, but voidable. If, before final judgment against him, he becomes of age, or has a guardian assigned to him, he can avail himself of every proper defence. His incapacity ceases, and he has every ability, which is necessary to enable him to make a suitable

Barber *v.* Graves.

defence. When an infant brings a writ of error to reverse a judgment rendered against him, the court only vacate the judgment, but do not set aside the proceedings altogether. In the case of *Dewitt* v. *Post*, 11 Johns. 450, on a reversal of a judgment for infancy, the defendant was ordered to plead *de novo.* In the case of *Harrington* v. *Towles*, decided in Bennington county in 1831, which was a similar case, the cause was remanded for the county court to proceed and appoint a guardian. A similar course was taken in this case at the last term. The court, who, on reversing a judgment, are to proceed and render such a judgment as the court below should have rendered, having all their proceedings before them, the judgment rendered by the justice, the appeal and the proceedings in the county court, instead of dismissing the cause and rendering a final judgment for the defendant, remanded it to the county court for trial. This would, of itself, justify the judgment of the county court in refusing, on this motion, to dismiss the cause.

Farther, we cannot consider this as now an open question. The very point, now made on this motion, was made in the argument on the writ of error at the last term. And in the case of *Blackmer* v. *Dow*, decided in Chittenden county in 1836, a writ of *audita querela* was brought to set aside a judgment of the county court, rendered in a suit originally brought against an infant before a justice of the peace. The infant had appeared and defended before the justice by attorney, and judgment was rendered against him; from this judgment an appeal was taken, and the action was entered in the county court and continued; and pending the suit in the county court the infant became of age. The attorney, who had appeared while he was an infant, withdrew his appearance on the docket, and a judgment was rendered by default against the defendant. He brought a writ of *audita querela* to set aside this judgment, claiming that the judgment rendered against him before the justice was void. Much the same arguments were urged in that case, as in this,—the want of discretion in the infant to defend himself, to take an appeal, &c. The court did not sustain the *audita querela,* because the complainant became of age, before the judgment was finally rendered against him in the county court, and he had a suitable opportunity to appear and make defence.

The judgment of the county court is affirmed.