Charles D. McMurray et al., Respondents, *v.* John G. McMurray, Appellant.

Where an infant defendant in an action for foreclosure is served with process, but no guardian *ad litem* is appointed, and judgment is taken by default, the judgment is not void, but voidable.

In such case, where judgment is obtained by fraud and collusion, an action may be maintained on the part of the infant to set it aside as to him.

R. died seized of certain premises, which were mortgaged to defendant. R. devised to his widow, whom he made his executrix, a life estate in a portion of the premises, with remainder to plaintiffs; the balance, with his personal property, he directed his executrix to sell, and with the proceeds pay and discharge his debts, including the mortgage. Defendant, after R.'s death, commenced an action for foreclosure, making the widow and plaintiffs, who were infants, parties; they were served with process, but, although their infancy was known, no guardian *ad litem* was appointed. The widow answered, but under an arrangement with defendant that he would lease to her for life, at a nominal rent, a portion of the mortgaged premises, executed a deed to him of the portion of the premises directed to be sold, which was worth $5,950, for the

---

* The judgment was subsequently corrected as to costs by making it without costs as to either party against the other.

nominal price of $500, to be applied on the mortgage. She withdrew her answer, and stipulated that defendant might take judgment, and allowed him to take judgment for the full amount of the mortgage, without crediting the $500. Judgment by default was taken against plaintiffs, under which the premises were sold and bid in by defendant for much less than their value. There was a surplus on the sale of over $2,000 which was never brought into court, and plaintiffs received no part of it. No report of sale was filed or confirmed. In an action to set aside the judgment and sale, *held,* that the executrix stood in a relation of trust towards plaintiffs, so far as the exercise of the power of sale was concerned, and violated her trust in conveying for a nominal consideration; that defendant was a party to its violation, and that the facts sustained a finding of fraud and collusion; that plaintiffs were entitled to have the decree of foreclosure avoided as to them, and could maintain an original action in equity for that purpose; that as to plaintiffs, their equity of redemption not being barred by the foreclosure, defendant, when he entered under his purchase, became merely a mortgagee in possession, and, as such, bound to account for their share of what he realized from the mortgaged property, over and above the mortgage debt.

Also *held,* that mere delay on the part of plaintiffs in asserting their rights, where the action was commenced within the time limited for the commencement of such actions, and where defendant had not been prejudiced by the delay, would not defeat plaintiffs' right of action.

(Argued April 10, 1876; decided May 23, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiffs, entered upon a decision of the court at Special Term.

This action was brought to set aside a judgment of foreclosure and sale, and the sale thereunder, and for an accounting by defendant, as mortgagee in possession.

The facts are sufficiently stated in the opinion.

*Martin I. Townsend* for the appellant. The omission to appoint a guardian *ad litem* did not render the judgment void. (*Rutter* v. *Puckhoffer,* 9 Bosw., 638; *Boleyn* v. *McEvoy,* 29 How. Pr., 278; *Croghan* v. *Livingston,* 17 N. Y., 221; *Austin* v. *Trustees, etc.,* 8 Metc., 196; *Rogers* v. *McLean,* 31 How. Pr., 279; *Fellows* v. *Niver,* 18 Wend., 563; *Hillyer* v. *Larzilear,* 9 J. R., 160.)

*S. W. Jackson* for the respondents.    Plaintiffs have a valid and enforceable claim against defendant on the ground of fraud in the foreclosure action.    (*Bloom* v. *Burdick*, 1 Hill, 139; Willard's Eq. Jur., 160; *Royal* v. *Wood*, 1 J. Ch., 406; *Patterson* v. *Bangs*, 9 Paige, 630; *Lasmer* v. *Wheelwright*, 3 Sand. Ch., 135;   Story's Eq. Pl., § 426; Danl. Ch. Pl., 164; Cooper's Eq., 96.)    The failure to appoint a guardian *ad litem* for the infants was fatal to the judgment.    (*Kohler* v. *Kohler*, 2 Edw. Ch., 69; *Harvey* v. *Large*, 51 Barb., 222; *Alvord* v. *Beach*, 5 Abb., 452.)

RAPALLO, J.    It is conceded that at the time of the entry of the decree of foreclosure against the plaintiffs, and at the time of the sale of the mortgaged premises, the plaintiffs were infants, and that no guardian *ad litem* had been appointed for them in the action.    The judgment was entered by default. They had, however, been served with process and the judgment entered against them, though voidable was not absolutely void. (*Bloom* v. *Burdick*, 1 Hill, 130, 143; *Barber* v. *Graves*, 18 Vt., 290; *Austin* v. *Trustees, etc.*, 8 Met., 196; *White* v. *Albertson*, 3 Dev. [N. C.], 241; *Croghan* v. *Livingston*, 17 N. Y., 218; 7 Robt., 147; id 546.)

In actions at law, where an infant appeared by attorney or suffered a default, and judgment was entered against him, his remedy before the Code was by writ of error to reverse the judgment, and the infancy was assigned as error in fact. (*Arnold* v. *Sandford*, 14 J. R., 417.)    But a party to an erroneous judgment, who was not entitled to a writ of error to reverse it, might avoid it on motion or by a plea in a court of competent jurisdiction.    (8 Metc., 204.)    Under the English practice, an infant aggrieved by a decree in equity, might impeach it by an original bill, in which it was enough for him to say that the decree was obtained by fraud and collusion, or that no day was given him to show cause against it.    (*Richmond* v. *Tayleur*, 1 P. Wms., 737; note.)

In the present case, the plaintiffs not only allege their infancy and the erroneousness of the judgment, but also that

it was obtained by fraud and collusion, and the court has found as facts that the agreement between the defendant and the step-aunt of the plaintiffs, who was also executrix of their uncle's will, whereby she withdrew her answer in the foreclosure suit, and conveyed to the defendant part of the mortgaged premises, and consented that judgment be entered, was fraudulent and made in consideration of an agreement that the defendant should give her a life lease of part of the mortgaged premises at a nominal rent. That it contemplated a purchase by the defendant, and was part of a plan to enable the defendant to secure to himself the mortgaged premises, and not merely to collect the mortgage debt, and that the transactions between the defendant and the executrix were a wilful violation or utter disregard of the rights of the plaintiffs.

The mortgaged premises consisted of lots on Seventh street, Troy, having an aggregate frontage of 180 feet on that street. They were owned by Robert D. McMurray, the uncle of the plaintiffs, who mortgaged them to the defendant, his brother, for the sum of $10,000, in 1856. Robert D. McMurray, the mortgagor, died in January, 1860, leaving a will whereby he devised to his widow Mrs. Caroline A. McMurray a life estate in 128 feet front of these premises, with remainder in fee in nine-twentieths of these 128 feet to the plaintiffs; all his real estate not disposed of by the will (including the remaining fifty-two feet of the mortgaged premises) and his personal estate not disposed of, he ordered his executrix to sell and convert into money and with the proceeds to pay and discharge his debts, including the mortgages and incumbrances upon the lots in Seventh street, which had been devised as before mentioned, viz., the 128 feet in which the plaintiffs had a remainder in fee. He appointed his wife, Caroline A., executrix of the will.

In May, 1860, after the death of the testator, the defendant commenced an action for the foreclosure of the mortgage. The executrix put in an answer setting up as defences, usury, payment and a counter-claim. The plaintiffs in this action

were made defendants in the foreclosure suit, but no guardian *ad litem* was appointed for them, although their infancy was known to the defendant, the plaintiff in that action. After the action had progressed some months, an arrangement was entered into between the executrix and the defendant, who was plaintiff in the foreclosure suit, whereby, under the power of sale contained in the will, instead of selling the fifty-two feet for their full value (which is found by the referee to have been $5,950), and applying the proceeds to the reduction of the mortgage, she conveyed them to the defendant for the nominal price of $500. She withdrew her answer in the foreclosure suit, and stipulated that the defendant might take judgment therein, and allowed him to take such judgment for the full amount of the mortgage, with interest and costs, without crediting any thing for the fifty-two feet conveyed, and without procuring the appointment of any guardian for the infant defendants (the present plaintiffs). Judgment of foreclosure and sale of the whole premises was entered, and they were bought in by the defendant for $14,000, which is found to have been much less than their value. There was a surplus of over $2,000, but it was never brought into court, and the infants received no part of it, but it was disposed of by some arrangement between the defendant and the executrix. No report of sale was ever filed or confirmed.

The defendant appears to have entered into possession under this purchase, and to have realized from sales and insurance about $19,500, of which about $15,500 were the proceeds of the 128 feet.

The executrix, in consideration of the arrangement under which the judgment was thus obtained, received from the defendant a lease, for her life, at a nominal rent, of one of the houses on the 128 feet.

Upon these facts, we do not think it can be successfully argued that the finding of collusion and fraud is unsupported by evidence.

The executrix clearly stood in a relation of trust towards the infants, so far, at least, as the execution of the power of

sale of the fifty-two feet was concerned. That land had been, by the will, made part of a fund primarily applicable to the discharge of the mortgage in exoneration *pro tanto* of the 128 feet in which the infants had a remainder in fee; and it was her duty to have obtained, as nearly as possible, the full value of the land, and secured the application of it in reduction of the mortgage. If she conveyed to the mortgagee, she should have done so in such manner as to attain this result. The 128 feet appear to have been of sufficient value to have satisfied the balance which would have remained due on the mortgage, and to have left a considerable surplus. Though the property might have been sacrificed at a forced sale, the executrix had no right to make a voluntary conveyance for a nominal consideration. The defendant had full notice of the trust, and was a party to its violation, and knew that he was proceeding under a judgment which was erroneous as to the infants, and that they were not represented in the proceeding, and that he was taking judgment for more than was due to him. We are of opinion that, under the circumstances, the decree of foreclosure was, as between the plaintiffs and defendant, ineffectual to bar the equity of redemption of the plaintiffs, and that they were entitled to have it avoided, and could maintain an original action in equity for that purpose. (*Wright* v. *Miller*, 8 N. Y., 9.) It is clear that great injustice was done to these infants, and that the proceedings against them were erroneous. Although the judgment may not be void, so as to impair the title of *bona fide* purchasers from the defendant, after the lapse of time which has taken place, yet, as between him and these plaintiffs, he has no equity which should entitle him to retain the fruits of the erroneous and fraudulent proceeding, or to prevent them from avoiding it.

The consequence of avoiding the decree, as to these plaintiffs, is, that as to their nine-twentieths of the premises, their equity of redemption was not barred by the foreclosure sale, as between them and the defendant; and as to them, the defendant, when he entered under his purchase, became

merely mortgagee in possession. Although he acquired an apparent title, which may have entitled him to convey a title to a purchaser, which the plaintiffs have, by their laches, lost the right to impeach, yet the defendant was, we think correctly, held by the court below, bound to account to the plaintiffs for their share of what was realized, over and above the mortgage debt. No complaint is now made that this account has not been correctly taken.

Although there has been great delay on the part of the plaintiffs in asserting their rights, yet they have done so within the time limited by the statute for bringing this kind of action. They allege, as an excuse for the delay, that they did not think that, under the will, they had any right in the premises which they could enforce during the life of Catharine A. McMurray, who did not die until 1869. The defendant has not been prejudiced by the delay; he is simply required to refund what he has received, over and above what was due to him, and he shows no equity which should require us to hold the plaintiffs to be barred of their right of action within any time shorter than that limited by the statute.

The judgment should be affirmed, with costs.

All concur. FOLGER, J., absent.

Judgment affirmed.