CROUTER v. CROUTER et al.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. SUMMONS—PERSONAL SERVICE OUT OF STATE.
    Under Code Civil Proc. §§ 440, 441, service of summons by personal service without the state is not complete until the expiration of the six weeks required for publication in a newspaper; and no jurisdiction is acquired until that time.

2. SAME—GUARDIAN AD LITEM—PREMATURE APPOINTMENT.
    In a partition suit, the appointment of a guardian *ad litem* for a non-resident infant after personal service, but before the expiration of the six weeks, is premature, and the irregularity cannot be cured by subsequent proceedings and final judgment ordering and confirming the sale of the premises. The most that can be claimed for such a judgment is that it is voidable, merely, and not void.

3. PARTITION SALE—VOIDABLE JUDGMENT—RIGHTS OF PURCHASER.
    The purchaser of lands at a partition sale cannot be compelled to take the title when it appears that the proceedings are voidable.

4. SAME—OFFER OF AMENDMENT.
    Where, on appeal from an order directing the purchaser at a partition sale to take the title, the court declares the judgment of partition to be voidable, it is too late for appellees to offer to have the proceedings amended.

Appeal from special term, New York county.

Action by Albert M. Crouter against Annie E. Crouter and others for partition. There was judgment of partition, and a sale thereunder, at which Ascher Weinstein and Sarah E. MacDonald were the purchasers. A motion to compel them to complete the purchase was sustained by the court, and from the order made in that behalf they appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Forster & Speir,* (*Henry A. Forster,* of counsel,) for appellant Ascher Weinstein. *Eugene Smith,* for appellant Sarah E. MacDonald. *Thomas C. Simonton,* for respondent Albert M. Crouter. *Thomas G. Ritch,* (*Wm. H. Arnoux,* of counsel,) for respondents Annie E. and Anthony Crouter. *C. N. Bovee, Jr.,* guardian *ad litem* and respondent. *Theron L. Carman,* guardian *ad litem* and respondent.

VAN BRUNT, P. J. The grounds of the objection to the title in question were—*First,* that the affidavit upon which the order of publication was granted was not sufficient to give the court jurisdiction; and, *second,* that the entry of the order appointing the guardian *ad litem* for the infant de-

fendants before the expiration of six weeks after personal service without the state was a nullity, and that the court, for that reason, did not acquire jurisdiction over the infant defendants, and that the guardian's bond was not in proper form to the people of the state of New York.

It will only be necessary, in the disposition of this appeal, to consider the point as to the entry of the order appointing the guardian *ad litem* before the service of the summons had been completed. It appears that the infant defendants were personally served with the summons, complaint, order of publication, and notice on October 31 and November 1, 1890, in New Jersey, and that the order appointing the guardian *ad litem* was made on the 8th of December,—much less than six weeks from the date of the service without the the state. Section 440 of the Code requires a summons to be served, under an order for service by publication, by publication in two newspapers, not less than once a week, for six successive weeks, or, at the option of the plaintiff, by service of the summons and of a copy of the complaint and order without the state upon the defendant personally; and section 441 provides that, for the purpose of reckoning the time within which the defendant must appear or answer, service by publication is complete upon the day of the last publication pursuant to the order, and service without the state is complete after the expiration of a time equal to that prescribed for publication. Therefore the service became complete upon the infant defendants six weeks after the 31st of October and the 1st of November, 1890. Section 471 of the Code provides that the infant defendant must appear by guardian, who must be a competent and responsible person, appointed upon the application of the infant, if he is of the age of 14 or upwards, and applies within 20 days after personal service of the summons, or after service thereof is complete, as prescribed in section 441; or if he is under that age, or neglects so to apply, upon the application of any other party to the action, or of a relative or friend of the infant. It is well established that the jurisdiction of the court over infants depends upon the service of process upon those infants. Therefore, the jurisdiction of the court over the infants in question did not exist until the summons had been completely served upon them, which the Code says is six weeks after the publication or personal service out of the state. The guardian in question was appointed long before this period had expired. Therefore, the court had no jurisdiction of the infants at the time of such appointment. It may be true that jurisdiction was acquired when the service became complete by expiration of time. But that jurisdiction, subsequently acquired, could not breathe life into acts done prior to the acquirement of any authority to act.

The claim that the limitations in the Code were simply for the purpose of reckoning the time within which the defendant must appear or answer, and that where the party is served upon the day of the first publication, but only for the purpose of answering, he is not completely served until the six weeks have expired, cannot prevail, because, as already suggested, jurisdiction is not acquired until everything has occurred which is necessary to constitute complete service; and by section 471 the fact that, in case of service by publication, there is progression in the service, is recognized, because it speaks of application being made within 20 days after personal service of the summons, or after service thereof is complete. A personal service under an order of publication out of the state is no more a complete service at any time before these six weeks have expired than is a service by publication in newspapers a complete service after the first publication. The two are placed upon precisely the same footing. Complete publication, if publication in a newspaper is ordered, must occur before the service is complete; and, in the case of personal service out of the state, six weeks must elapse before the service is complete. As has been already stated, as the court only acquires jurisdiction by a complete service, the appointment of the guardian was premature.

In the disposition of this appeal, it is not necessary to consider the question as to whether this fact renders the judgment void or simply voidable. It is urged upon the part of the respondents that this was a mere irregularity, which was cured by the proceedings in partition and the final judgment and order confirming the sale, and, if that is not true, it is amendable. But the cases of *McMurray* v. *McMurray*, 66 N. Y. 175, and *Croghan* v. *Livingston*, 17 N. Y. 218, cited by the respondents, show that this contention is not true, and that the most that can be said is that it is possible that the judgment may not be absolutely void, but simply voidable. But, if voidable, what right has the court to compel the appellants to take this title? And, if amendable, what right has the court to insist that they shall complete their purchases, no amendment being had? The respondents come into court claiming their proceedings to be regular, and ask the appellants to take their title; and then say, even if the court should be of the opinion that their proceedings were irregular, yet, as they are amendable, the appellants should be compelled to take the title. We do not see upon what theory, even if these irregularities are amendable, these appellants can be compelled to run the risk of an amendment. It was the duty of the respondents, when these irregularities were pointed out, if they were amendable, to have procured the amendment, and then offered the title, so that the question could come up as to whether the title was good or not. But with these irregularities, if they are only such, upon the record, without amendment, the court is asked to make an order compelling these appellants to complete; thus throwing upon them the risk of having the title perfected, and the irregularities cured. It is well established that on judicial sales the purchaser is entitled to have a title free from reasonable doubt. Can it be said that a title is free from reasonable doubt which requires amendment of proceedings to make it perfect, such amendment never having been made?

It is true that the respondents offer in their points to have the proceedings amended in the particulars to which attention has been called. But it seems to be too late, upon an appeal to the general term, to make an offer of that description. If the offer had been made in the court below, the court might have allowed the matter to stand over, although this would be of doubtful propriety, and, after the amendments were made and the title perfected, compelled the purchaser to take. But they did not do that. They have insisted upon their legal right to compel these appellants to take title notwithstanding these irregularities, which, perchance, the court might refuse ever to cure. The order should be reversed and the motion denied, with $10 costs and disbursements of this appeal, and $10 costs of the motion below.

O'BRIEN, J. The premature order appointing the guardian was an irregularity only, and could have been cured by amendment, had the plaintiff, when his attention was called to it, made a motion to that end, or had the order amending it been entered on motion to compel purchaser to take. As the record stands, the irregularity thus exists, and I therefore concur in the result.