PATERSON BROTHERS, Plaintiff, *v.* JAMES GOORLEY et al., Defendants.

(County Court — Rockland County, September, 1895.)

A receiver cannot be appointed in supplementary proceedings where, pending an adjournment, the judgment has been paid in full and satisfaction given without the knowledge of the attorney for the judgment creditor and no costs of the proceeding have been allowed.

Until an allowance of costs has been made in such proceeding the judgment creditor's attorney has no costs for which he can claim a lien.

MOTION for appointment of a receiver in supplementary proceedings.

*Ernest Ball*, for motion.

*John W. Furman*, opposed.

TOMPKINS, J. This is a motion for the appointment of a receiver of the property of the defendant in proceedings supplementary to execution. The examination shows property of the judgment debtor applicable to the payment of the judgment or on account thereof, and in that particular a proper case for the appointment of a receiver has been made out, but it is claimed in opposition to this motion that the judgment has been fully paid and the judgment fully satis-

fied, and that the defendant is not now a judgment debtor, and that hence the moving party has no interest in the defendant's property. It appears from the record of the proceedings before the referee, that on the return of the order the judgment debtor's counsel asked for an adjournment to enable him to settle the judgment, offering at that time to pay $100 on account, and the balance on or before the adjourned day. The plaintiff's counsel refused to accede to this request, and insisted upon payment of the full amount, or that the examination should proceed. This he had a strict right to do, but it seems to me it would have accorded more with fairness and amiableness to have taken the amount offered and granted the adjournment; however, that does not affect the question.

After the first hearing the judgment debtor paid the judgment to the judgment creditors in full, and they accepted it, without the knowledge of their attorney, and executed a satisfaction piece. Thus the judgment was paid in full. No costs of the proceedings or the referee's fees or disbursements were paid, and it is now claimed by plaintiff's attorney that this motion should prevail to enable him to collect his costs and disbursements.

Costs in supplementary proceedings are discretionary, and in this matter no costs have been allowed, nor has any motion been made for costs, so that the judgment creditor's attorney has no costs for which he can claim a lien. If the attorney's costs in the action constituting a part of the judgment had not been paid, the attorney would no doubt have such a lien and right as would justify the appointment of a receiver to enforce the payment of those costs, but here the judgment in full, including costs, has been paid, and I am of the opinion that a receiver cannot be appointed for the purpose of collecting costs in supplementary proceedings which have not been awarded or allowed.

The judgment creditors, who unwisely and improperly settled the matter without the knowledge of their attorney, must bear the costs and referee's fees. Motion denied.

Motion denied.