AUGUSTUS S. AVERY, Judgment Creditor, *v.* FRANK C. ACKART, Judgment Debtor.

(County Court, Onondaga County, June, 1897.)

1. Supplementary proceedings — Satisfaction of judgment.

Where a judgment debtor, after the service upon him of the injunction order usual in supplementary proceedings, obtains from the party owning the judgment, and to whom it had been assigned by the original judgment creditor, a satisfaction of it, there is no further basis for the proceedings, and the attorney for the judgment creditor who was to receive from his client for his services one-half of the amount collected on the judgment, is not in a position to punish the judgment debtor for an alleged violation of the injunction order.

2. Same — Notice to assignee of judgment of application to set aside.

Assuming that the satisfaction of the judgment and its assignment might be set aside, no such order can be made except upon notice to the assignee of the judgment creditor, the present owner of the judgment.

3. Same — Rights of attorney interested in the judgment.

*Quaere*, if the assignee of the judgment creditor had notice of the agreement between his assignor and his attorney, whether the assignee might not be compelled to carry out the agreement which the original judgment creditor made with his attorney, to the end that the attorney may not be deprived of the benefit of that agreement.

APPLICATION to punish the judgment debtor for a claimed violation of the usual injunction contained in an order in supplementary proceedings.

The judgment debtor after the service of the order transferred property; but before the service of the motion papers in this application and after the transfer or cotemporaneously therewith the judgment debtor obtained from the owner of the judgment to whom the judgment creditor had assigned it a satisfaction of the judgment. The attorney for the judgment creditor had an agreement with his client to receive one-half of the amount collected on the judgment for his services.

Frank Sargent, for motion.

D. B. Magee, opposed.

City Court of New York, General Term, June, 1897. [Vol. 20.

Ross, J. Upon obtaining satisfaction of the judgment there is nothing upon which these proceedings can rest. The judgment debtor simply did what he had a legal right to do, obtained a satisfaction of the judgment against him and thereupon these proceedings so far as the judgment debtor is concerned necessarily terminated. They were instituted for the purpose of collecting the judgment and all the rights of the judgment creditor incidental to such a proceeding were for the purpose of aiding in the accomplishment of such collection and when the judgment is satisfied that is the end of the matter. Whether the bill of sale was executed before the delivery of the satisfaction of the judgment I deem of no importance for the judgment debtor has obtained a satisfaction of the judgment which is no longer in existence. The motion to punish for contempt is denied, without costs. So far as setting aside the satisfaction and assignment is concerned, no order can be made without the presence in court of the assignee of the judgment creditor, the owner of the judgment, and I doubt whether the satisfaction can be set aside so far as the judgment debtor is concerned. I do not see what obligation to the judgment creditor or to the moving attorney he has violated. He has simply obtained a satisfaction of the judgment against him from the owner of the same, which he had a right to do.

*Quaere,* if the assignee of the judgment creditor had notice of the agreement between his assignor and the moving attorney herein whether he cannot be compelled to carry out the agreement of the judgment creditor? In other words, if he made the purchase for the purpose of depriving the attorney for the judgment creditor of the benefit of the agreement entered into between him and his client is he not liable to carry out such an agreement? The motion to set aside the satisfaction and assignment denied for the reasons stated but without prejudice to a renewal.

Motion denied, but without prejudice to a renewal.