Demurrer overruled, with costs, with leave to defendant to serve answer within twenty days after service of interlocutory judgment.

---

James H. Rook, Plaintiff, *v.* Wilson Dickinson, Defendant.

(County Court, Steuben County, September, 1902.)

Attorney — Has no lien in supplementary proceedings for his costs therein — Proceedings when not continued that he may recover costs — Effect upon a judgment of not appointing a guardian ad litem for an infant defendant.

> An attorney for a creditor in proceedings supplementary to an execution upon a judgment has no lien for costs.

> Where the judgment is satisfied pending such proceedings and the judgment creditor is not shown to be insolvent, the proceedings will not be kept alive to the end that the attorney for the said creditor may recover his costs of the judgment debtor.

> A failure to appoint a guardian *ad litem* for an infant defendant makes a judgment subsequently recovered against him voidable but not void.

Motion to dismiss proceedings supplementary to execution.

Francis J. Wood, for creditor.

Heminway & Hausner, for debtor.

WHEELER, S. (acting as Steuben County Judge).   The defendant debtor moves to dismiss these proceedings on the ground that since their institution the judgment upon which they are based has been canceled and satisfied.

The papers show that, when the defendant was served with the summons and complaint in the said action and the judgment recovered therein, he was an infant, and that no guardian *ad litem* was ever appointed for him in the action — this only makes the judgment irregular and voidable, but not void.   McMurray v. McMurray, 66 N. Y. 175.   Also see many cases cited in Bliss's Annotated Code (5th ed.), 457.

The debtor proves that the judgment has been satisfied since the beginning of these supplementary proceedings, and claims that the judgment having been satisfied proceedings should be dismissed.

The creditor's attorney claims that although the judgment be satisfied, nevertheless, the proceedings should be continued, or at least should not be dismissed until the attorney's lien for costs in the action be paid.

Both the counsel for the debtor and the creditor agree that the judgment creditor's attorney has no lien for costs in proceedings supplementary to execution — and it is held to be so in the case of Patterson Bros. v. Goorley, 14 Misc. Rep. 56.

The papers in the case do not show that the judgment creditor is insolvent.   It is a well established principle of law that all persons are presumed to be solvent.   The creditor's attorney cites one case, Shaunnessy v. Traphagen, 13 N. Y. St. Repr. 754, holding that a satisfaction of the judgment must not be allowed to prejudice the lien of the attorney who recovered the judgment, and that the proceedings might be continued for the preservation of such lien.   This case was decided by the City Court of New York.

Opposed to this case is the case of Avery v. Ackart, 20 Misc. Rep. 631, which is a County Court case.   But it seems to me that the case of Lee v. Vacuum Oil Co., 126 N. Y. 579, and Poole v. Belcha, 131 id. 200, practically disposes of the questions

arising upon this motion, and adversely to the creditor.    These cases hold that section 66 of the Code of Civil Procedure gives the attorney for the plaintiff a lien upon his client's cause of action, etc., but does not prevent .the parties to the action from settling the same or the client from releasing a judgment in his favor, and that if a release has the effect to defraud the attorney the court may and should set it aside in order to protect the lien, but that the judgment will not be kept alive after the release unless necessary for the protection of the attorney; therefore, to warrant the court in disregarding the settlement or release made between the parties in an action, it must be shown that to give full effect to them will operate as a fraud upon the attorney, or to his prejudice, by depriving him of his costs or turning him over to an irresponsible client.

Upon this motion it does not appear that the judgment creditor is insolvent or that the attorney for the plaintiff would be turned over to an irresponsible client, or that anything has been done to deprive the attorney of his costs in the action in which the judgment was recovered.    The satisfaction of the judgment still stands and no application has been made to vacate it; therefore, presuming that the judgment creditor and plaintiff is solvent, his attorney can get his costs out of him and is, therefore, not prejudiced or otherwise injured.    That being the case there is no necessity of attempting to keep the proceedings alive or continued for the purpose of paying the costs to the attorney, who has apparently another remedy which will give him those costs.

Application of the judgment debtor granted, without costs to either party as against the other.

Motion granted, without costs to either party.