JOSEPH PINES, Plaintiff, *v.* LIZZIE D. SULLIVAN et al., Defendants.

(Supreme Court, Kings Special Term, May, 1918.)

Foreclosure — of mortgages — referee in — appointment of guardian ad litem for infant defendant under fourteen — designation of person to receive summons — jurisdiction — Code Civ. Pro. § 426.

Where, in an action for the foreclosure of a mortgage, an order appointing a guardian *ad litem* for an infant defendant under the age of fourteen years fails to designate the person to receive service of the summons on behalf of the infant, as required by section 426 of the Code of Civil Procedure, the court is without jurisdiction to render a judgment which will bar the infant from all interest in the property, and a motion to compel the purchaser at the foreclosure sale to take the title will be denied.

Supreme Court, May, 1918.        [Vol. 103.

Motion to compel purchaser at a foreclosure sale to take title, and also a motion that he be relieved therefrom.

William A. Glynn, for referee.

James H. Gilvarry, for purchaser.

Theodore L. Schwartzman, for plaintiff.

Callaghan, J.   The referee moves to compel the purchaser at a foreclosure sale to take title.  The purchaser also moves to be relieved from his purchase and for the return of his deposit and payment of disbursements and counsel fees.

The dispute here arises because of the failure to procure an order, pursuant to section 426 of the Code of Civil Procedure, requiring a copy of the summons to be delivered on behalf of the infant defendant to a person designated in the order.  The infant was at the time of the service under the age of fourteen years.  A summons was delivered to the infant and to his mother, with whom he resided, and after the delivery of the summons an order was made by the court appointing a guardian *ad litem* for the infant defendant.  The question arises, in view of the fact that a guardian was appointed by the court, as to whether the failure to make the order designating the person to receive service upon behalf of the infant defendant gave the court jurisdiction to render a judgment in a foreclosure action which would bar the infant from all interest in the property.

The section of the Code in question recites that the service of the summons on a person designated to receive it on behalf of the infant should be made in the interest of the infant.  The legislature no doubt had in mind that such service was indispensable to giving jurisdiction over an infant defendant under fourteen

years of age. That being so the provision of the statute cannot be disregarded. A literal and strict compliance with the statute must be observed in order to bind an infant and make a judgment against him effective.

It follows therefore that the infant was never barred from his interest in the property by the judgment in foreclosure and that the referee therefore cannot give good title under the judgment. See *Buckley* v. *Buckley,* 173 App. Div. 907.

The motion of the referee is denied and the motion of the purchaser is granted. The referee will be directed to return the deposit but without interest. A reference will be ordered to determine the amount which plaintiff should pay to the purchaser for searches, etc., and counsel fees.

Ordered accordingly.