ABRAHAM JACOBSON, Appellant, *v.* FRED G. KREKELL, Respondent.

First Department, April 27, 1928.

**Judgments — validity — Municipal Court of City of New York — action against infant — service upon infant defendant only, in action in Municipal Court, does not give jurisdiction under Civil Practice Act, § 225 — Municipal Court judgment is void ab initio — said judgment is not res judicata in present action.**

Plaintiff, an infant, seeks to recover for personal injuries arising out of an automobile accident. A prior action against the plaintiff by the defendant in the Municipal Court of the City of New York, to recover property damages, resulted in a judgment in favor of the defendant herein. The defendant herein pleads that judgment as *res judicata*. The Municipal Court judgment was void *ab initio*, since it appears that the summons in the Municipal Court action was served only upon the plaintiff herein, an infant, who was the defendant in the Municipal Court action, and was not served by delivering a copy of the summons to the father, mother or guardian of the infant, as required by section 225 of the Civil Practice Act. Therefore, the Municipal Court judgment cannot be pleaded in this action in support of the defense of *res judicata*.

The fact that the infant defendant in the Municipal Court action did not appeal from the order denying his motion to vacate the judgment, which order was entered after he reached the age of twenty-one years, is immaterial, since the judgment itself was void *ab initio*.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of June, 1927, and also from an order entered in said clerk's office on the 7th day of June, 1927.

*Lester M. Rosenbloom* of counsel [*Mordecai P. Springer*, attorney], for the appellant.

*Edward P. Mowton* of counsel [*Nadal, Jones & Mowton*, attorneys], for the respondent.

O'MALLEY, J. The plaintiff, while an infant over the age of fourteen years, was sued by the defendant herein in the Municipal Court to recover damages to the latter's automobile, by reason of the alleged negligence of the defendant therein. An inquest and judgment by default in favor of the plaintiff in that action resulted. In this action the plaintiff (defendant in the Municipal Court action) sued for personal injuries arising out of the same accident. The defendant herein pleaded the Municipal Court judgment as *res adjudicata*. A verdict in favor of the plaintiff herein resulted, but has been set aside upon the ground that the Municipal Court judgment was binding between the parties.

The order was improper. Service of the summons upon the

plaintiff herein, as the defendant in the Municipal Court action, was made solely upon him, but no copy thereof was delivered to any other of the persons described in section 225 of the Civil Practice Act. This statute requires that in the case of an infant service must be made upon him by delivering a copy of the summons within the State to " his father, mother or guardian, or if there be none within the State, to the person having the care and control of him, or with whom he resides, or in whose service he is employed," and if he be of the age of fourteen years, or over, also by delivering a copy to him. Service thus made other than in strict conformity with the statute is ineffectual and does not confer jurisdiction. (*Ingersoll* v. *Mangam*, 84 N. Y. 622; *Potter* v. *Ogden*, 136 id. 384; *Pines* v. *Sullivan*, 103 Misc. 443.)

The court in setting aside the verdict took the view that the Municipal Court judgment was voidable merely and not void. With this we cannot agree. The fact that the infant defendant in the Municipal Court action did not appeal from the order denying his motion to vacate the judgment, which order was entered after he reached the age of twenty-one years, is of no consequence. The judgment was void *ab initio* and the plaintiff here was in no way bound thereby.

The cases of *McMurray* v. *McMurray* (66 N. Y. 175) and *Rook* v. *Dickinson* (38 Misc. 690), relied upon by the respondent, do not support his claim that the judgment in question was voidable merely. Those cases were concerned only with the court's failure to appoint a guardian *ad litem* after delivery of the summons had been made to the infant. Presumably the infant in those cases was over the age of fourteen years. When they were decided, section 134 of the Code of Procedure and section 426 of the Code of Civil Procedure (as amd. by Laws of 1879, chap. 542) were the converse of the present section 225 of the Civil Practice Act, and required delivery of the summons in all instances to the infant whatever his age, and required delivery also of a copy of the summons to the father, mother, guardian or other designated person, only when the infant was *under* fourteen years of age. The change in the statute was made by chapter 279 of the Laws of 1913 (amdg. Code Civ. Proc. § 426), as amended by chapter 492 of the Laws of 1920. In the cases relied upon by the respondent there was good service by reason of the fact that delivery had been made to the party designated in the statute. In this case there was a failure to deliver a copy of the summons in the Municipal Court action to a party designated to receive such, whatever the age of the infant, namely, the father, mother, guardian or other designated person.

It follows, therefore, that the order and judgment should be reversed and the verdict reinstated, with costs to the appellant.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and the verdict reinstated.