ELLA MAY WARD, Plaintiff, *v.* DAVID WARD, Defendant.

Supreme Court, Sullivan County, March 24, 1930.

*Ellsworth Baker*, for the plaintiff.

*Eugene H. Bouton*, for the defendant.

McNAMEE, J. This is a separation action on the calendar of this Trial Term, in which the summons and complaint were personally served on the defendant on June 5, 1929. The defendant appeared by attorney and interposed an answer. An order for alimony *pendente lite* was disobeyed by the defendant, and thereupon the defendant was adjudged in contempt and committed to jail. While the defendant was thus incarcerated it was discovered by his attorney that he was an infant, and thereupon the order adjudging defendant in contempt and proceedings founded thereon were vacated and set aside, and he was released from imprisonment.

After the minority of the defendant was discovered, the plaintiff procured the appointment of a guardian *ad litem* for him, " *nunc pro tunc* and without prejudice to all proceedings heretofore had herein," by order made February 11, 1930. Thereafter the cause was noticed for trial, and placed on the calendar pursuant to plaintiff's note of issue.

The defendant now moves at the call of the calendar to dismiss the complaint on the ground that the service of the summons was defective, and that the court never acquired jurisdiction of the defendant.

The summons was personally served on the defendant, but it was not served on any other person, and accordingly there was not an entire compliance with the provisions of section 225 of the Civil Practice Act, and the court never acquired jurisdiction of the person of the defendant. (*Pines* v. *Sullivan*, 103 Misc. 443; *McGrath* v. *Roefs*, 119 id. 641; *Ingersoll* v. *Mangam*, 84 N. Y. 622, 625.)

But notwithstanding the failure to complete the service of process, no reason is evident why the action should be dismissed. One of the acts essential to jurisdiction has been duly performed in accordance with section 225 of the Civil Practice Act, viz., the summons was delivered to the defendant personally; and nothing has transpired to nullify or lessen the force of that act. It is still incumbent on the plaintiff to make delivery of the process to one of the other persons referred to in that section, as well as to such persons as the court shall designate by order, if any. And when that shall have been done service on the defendant will be complete, and jurisdiction acquired. No reason is evident why the court by its order should nullify what has been properly done already in an effort to effect service and acquire jurisdiction; and no reason for dismissal in such circumstances is stated in the *McGrath Case* (*supra*).

It is urged by the plaintiff that the appointment of the guardian *ad litem*, *nunc pro tunc*, and without prejudice to proceedings already

had, cured the defect, and that the action should proceed. This position is not tenable. The court acquired no jurisdiction of the defendant, for the appointment of a guardian or otherwise; and in any event an adverse party cannot apply for the appointment of a guardian *ad litem* until after the lapse of twenty days after service of process on an infant has been completed. The appointment of a guardian *ad litem* secured by an adverse party at an earlier time is unwarranted. (Civ. Prac. Act, § 202; Rules Civ. Prac. rule 39; *Ingersoll* v. *Mangam, supra; Keyes* v. *Ellensohn,* 73 Hun, 392; *Van Williams* v. *Elias,* 106 App. Div. 288, 295.)

Accordingly an order may be entered setting aside the answer of the defendant and the service thereof, vacating the order for alimony *pendente lite,* and vacating the order appointing the guardian *ad litem* for the infant defendant, and striking the cause from the calendar, without costs.