Jacob Malicky, Plaintiff, *v.* May A. Rosenberg and Another, Defendants.

Supreme Court, Erie County, July 5, 1934.

*Leonard Schoenborn,* for the defendant Charles W. Rosenberg, for motion.

*Abraham N. Carrel,* for the plaintiff, opposed.

Harris, J. This action, sounded in negligence for personal injuries, was brought by the plaintiff against the moving defendant by means of the service of the summons and complaint on such defendant on the 10th day of March, 1930. On the 24th day of March, 1930, one Frederick Weyand, an attorney of this court, appeared and served an answer on behalf of this moving defendant. The action was noticed for trial (later discontinued as against the defendant May A. Rosenberg), and in the regular course of trial practice was reached for trial on or about the 25th day of January, 1932.

Neither the defendant nor his counsel made any appearance or proof on the trial. After hearing the proof of the plaintiff, the jury returned a verdict in favor of the plaintiff and against the moving defendant in the sum of $1,000 damages, and judgment was entered on January 27, 1932, on such verdict for such damages and appropriate costs.

The defendant Charles W. Rosenberg now moves this court by notice returnable the 31st day of May, 1934, for the opening of his default at trial and to set aside the judgment taken against him. He makes proof that at the time of the commencement of the action he was nineteen years of age; that no guardian *ad litem* was appointed for him and that he did not become of age until the 24th day of March, 1932. The plaintiff does not dispute the facts as to the non-age of the defendant and as to the lack of appointment of a guardian *ad litem*. The plaintiff makes proof that the defendant was advised of the existence of this judgment not later than November, 1933; that he, the defendant, appeared and was examined in supplementary proceedings in March, 1934, and raised no contention as to the invalidity of the judgment; that subsequently thereto the plaintiff reported the non-payment of the judgment to the Motor Vehicle Bureau and thereafter the motion herein to open the default and set aside the judgment was made.

The amount of the judgment herein is one that could be considered reasonable in reference to the injuries proven by the plaintiff at the trial. However, if the defendant is entitled to have the judgment set aside, the question of the reasonableness of the amount should not enter into the consideration of the court on the question of setting aside such judgment. Section 108 of the Civil Practice Act provides that the court may open a default within one year after the same is taken but such section is not conclusive upon the power of the court to open defaults at times subsequent to such term of one year. (*Ladd* v. *Stevenson*, 112 N. Y. 325; *White* v. *Sebring*, 133 Misc. 784.)

There are certain limitations on the court setting aside its judgments, contained in sections 521 and 528 of the Civil Practice Act, which may be controlling on this motion because the periods specified in such sections 521 and 528 have expired in so far as this action is concerned. These sections are indicative of the intention of the Legislature to prevent the interminable reawakening of already decided issues. Even though this court has the power to open the judgment taken on default because no guardian *ad litem* was appointed for the infant defendant, it would appear to be unfair to the plaintiff to open such default at this late date. He has been put on his proof and a number of years have passed.

Proof made at the trial in 1932 through the lapse of time may have become hazy to witnesses. The failure to appoint a guardian *ad litem* was an irregularity that made the judgment voidable and not void. (*Howard* v. *Dusenbury*, 44 How. Pr. 423; *Bloom* v. *Burdick*, 1 Hill, 130; *Fowler* v. *Griffin*, 3 Sandf. 385.)

The facts that this judgment did lie unchallenged for more than two years after the arrival of the majority of the defendant; that the defendant appeared at the supplementary proceedings and raised no question as to the validity of the judgment, and that he now makes this motion apparently because he is threatened with the suspension of his motor vehicle license, all lead this court to the conclusion that after he became of age he was satisfied to let the judgment remain, and that his new application is because he finds that he may become compelled to pay such judgment. These conclusions that the plaintiff could be harmed by the opening of the judgment and that the defendant ratified by his acquiescence the existence and validity of the judgment require this court to deny his motion.