MARGARET BELCHER, an Infant, by DAISY BELCHER, Her Guardian ad Litem, and DAISY BELCHER, Respondents, *v.* MARGARET HASKELL and EUGENE HASKELL, Appellants.

Fourth Department, December 23, 1936.

*Harry J. Kelly* [*Charles J. Wick* with him on the brief], for the appellants.

*Clayton M. Smith,* for the respondents.

PER CURIAM. Evidence was given by the defendant Margaret Haskell upon the trial to the effect that she was a minor of the age of twenty years. No guardian *ad litem* was appointed for her. The judgment against her is, therefore, void or voidable depending upon whether the summons was or was not properly served upon her. (Civ. Prac. Act, § 202; *McMurray* v. *McMurray,* 66 N. Y.

175; *Jacobson* v. *Krekell*, 223 App. Div. 440.) Whether the judgment is void or voidable is not before us in this case. The infant defendant must raise that question either through a guardian before reaching her majority or by her own action or motion after that event. The facts as to her minority and service of the summons did not appear sufficiently upon the trial to allow them to be passed upon nor are they before us now. Assuming that the judgment against Margaret is void, still the judgment against her father, Eugene Haskell, the owner of the car, is not affected thereby. He could have taken measures upon the trial to protect himself. He did not ask that the admissions of Margaret should not be considered in determining the questions of negligence and contributory negligence as to him. He did not ask that the action against him be separately tried or that a guardian *ad litem* should be appointed for the defendant Margaret. In fact he stood by and allowed the action to be tried without reference to all these matters and under these circumstances he cannot now complain of error for no ruling was made adverse to him nor does he show that the trial has resulted in any injustice to him. He, therefore, is not an aggrieved party.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and orders affirmed, with costs.