HARRY MELNICK, Plaintiff, *v.* FLORIAN LASZIO, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, February 3, 1937.

*Irwin Weinstein,* for the plaintiff.

*Samuel Bierman,* for the defendant.

LEWIS (DAVID C.), J. From the papers submitted to me I gather that on June 8, 1931, a summons with proof of service was filed in the Municipal Court of the City of New York, Borough of Manhattan, Tenth District. It is apparently conceded that the only person served was the defendant.

On March 2, 1933, judgment by default was entered against the defendant for $1,059.50.

On April 11, 1933, the judgment was amended to provide for body execution.

Upon inquiry made by the court, it is now disclosed that the defendant was born on February 14, 1912. Hence, when the action was begun the defendant was an infant.

No guardian *ad litem* was ever applied for or appointed. If that omission was fatal, this judgment falls.

Here we sight another challenge to our judicial procedure. The thought that a person may appear by attorney and even contest a meritorious cause of action, and then vitiate the whole judicial procedure on the plea of infancy, is unwelcome to the judicial mind.

On the other hand, the blame should not rest with the infant, for the omission is not really on the part of the individual. Counsel anxious to defend the case on the merits may be easily misled by the apparent age of the client. Hence, the legal conclusions of the court on this question are not to be construed as any indictment of counsel or client.

Aside from the facts, there has been an undesirable uncertainty on this very question as to whether or not the innocent omission to secure a guardian *ad litem* is beyond cure.

However, the defect is not confined to a matter of procedure; it involves jurisdiction. Section 225 of the Civil Practice Act provides that if the infant is over fourteen years of age the summons should be served on the infant in person, and also on his father, mother or guardian, etc. A failure to effect service in the manner prescribed by the statute goes to the very root of jurisdiction. The infant individually lacks the power to appear either in person or by attorney; hence, his appearance and answer confers no jurisdiction. Therefore, the court never having acquired jurisdiction by sufficient service or appearance, its judgment is null and void. (*Jacobson* v. *Krekell*, 223 App. Div. 440, 441. See, also, *Crouter* v. *Crouter*, 133 N. Y. 55, at p. 62.)

In the first case cited, even though the infant had attained his majority before the judgment was rendered, such fact was of no consequence — " the judgment was void *ab initio.*" (See, also, *Leahy* v. *Hardy*, 225 App. Div. 323; *Ingersoll* v. *Mangam*, 84 N. Y. 622.)

No court can ever overlook the fact that an infant is a ward of the court; that it is the function of the court to protect his interests. However, even the court is powerless to act until jurisdiction of the infant is properly acquired. (*Gruner* v. *Ruffner*, 134 App. Div. 837.)

The court observes the wording of subdivision 3 of section 26 of the Municipal Court Code, " a justice thereof, shall at any time before judgment make such appointment." It is doubtful, however, whether the appointment can be made after a verdict is rendered, even though it is before judgment. (*Starr* v. *MacNamara*, 111 Misc. 242; *Anderson* v. *Anderson*, 164 App. Div. 812; *Seiden* v. *Reimer*, 190 id. 713; *Ward* v. *Ward*, 136 Misc. 234.)

This court is, therefore, powerless to cure the infirmity of infancy. The court never acquired jurisdiction. The judgment is void, and the motion must be granted.

It may be that a slight precaution would avoid this pitfall. A litigant, plaintiff or defendant, should always be required to furnish an oath of his age. This is the common requisite of an affidavit of service. How much more important it is in the matter of infancy.