YETTA GREENBERG et al., Plaintiffs, *v.* GEORGE SCHILB et al., Defendants.

Municipal Court of the City of New York, Borough of Brooklyn, November 29, 1947.

*Max Schulman* for plaintiffs.

*Joachim Abruzzo* for George Schilb, defendant.

MARTUSCELLO, J. The defendant George Schilb moves to vacate a judgment by default entered against him twelve years ago, upon the grounds that he was an infant, twenty years of age, when served with the summons, and that a copy thereof was not served on any of the persons designated in section 225 of the Civil Practice Act, and that a guardian ad litem was never appointed for him.

An examination of the record in this case discloses that the summons was served only on said defendant on July 5, 1934, and that a judgment after inquest was entered against him on November 15, 1934, after he defaulted in appearing, and that no guardian ad litem was ever appointed for him. After hearing testimony in connection with the motion, I find that the defendant was born on September 30, 1914; and that he, subsequent to the date on which he attained his majority, signed and delivered a writing to plaintiffs' attorney, whereby he agreed to pay $300 in settlement of the judgment, payable in monthly installments of $10 each, commencing December 10, 1935, and in default thereof to have said judgment remain in full force and effect, and made several payments in pursuance thereof, and submitted to an examination in supplementary proceedings.

Service of a summons upon an infant over the age of fourteen years, without delivering a copy thereof to his father, mother, or guardian, etc., as provided in section 225 of the Civil Practice Act, is ineffectual and does not confer jurisdiction, and any judgment recovered thereby is void *ab initio* and not binding on the defendant. (*Ingersoll* v. *Mangam,* 84 N. Y. 622; *Jacobson* v. *Krekell,* 223 App. Div. 440; *Leahy* v. *Hardy,* 225 App. Div. 323; *Weiser* v. *Landes,* 172 N. Y. S. 337; *Ward* v. *Ward,* 136 Misc. 234; *Melnick* v. *Laszio,* 161 Misc. 791.)

Section 492 of the Civil Practice Act provides that a judgment by default shall not be taken against an infant defendant until twenty days have expired after the appointment of a guardian ad litem for him; and it has been held that failure to appoint such guardian makes the judgment void or voidable depending upon whether the summons was or was not properly served on the infant. (*McMurray* v. *McMurray,* 66 N. Y. 175; *Belcher* v. *Haskell,* 249 App. Div. 251.)

Notwithstanding the rulings in the aforesaid cases, the plaintiffs contend that the judgment is binding on the defendant because his acts, after he attained his majority, were in recognition of its validity; and they cite in support thereof *Malicky* v. *Rosenberg* (152 Misc. 197) and *Issem* v. *Slater* (262 App. Div.

59) which not only present some facts and points of law paralleling those under consideration, but also lay down certain rulings which seem to confirm this contention. Yet, after a scrutiny thereof, I am of the opinion that they are distinguishable and inconclusive on the questions of law raised by this motion as I will presently explain.

In the *Malicky* case (*supra,* Sup. Ct., Erie Co.), the defendant, who was nineteen years of age when served with the summons, appeared in the action, but defaulted for trial; whereupon judgment was entered against him; and subsequent thereto, he became of age, and later submitted to an examination in supplementary proceedings. Thereafter, he moved to open his default and vacate the judgment on the ground that no guardian ad litem had been appointed for him, but, in contradistinction to the motion in question, did not attack the jurisdiction of the court, nor the validity of the judgment on the ground that he was improperly served. It was therein held that the failure to appoint said guardian was an irregularity that rendered the judgment voidable and that the defendant ratified same by submitting to the aforesaid examination after he became of age; and accordingly the court refused to open his default. What misleads one into believing that this case is directly in point is the statement in the opinion of Mr. Justice Harris that the summons was served on the defendant on a specified date, without any mention being made as to whether a copy thereof was delivered to any other person to complete the service; consequently, it might be presumed that said other person was not served. On the contrary, in the absence of a statement to that effect or of an issue thereof, proper service should be inferred (cf. *Bosworth* v. *Vandewalker,* 53 N. Y. 597), and especially in view of the court's holding that the judgment was voidable, which would be the case only where the infant was properly served, as was enunciated by the Appellate Division, Fourth Department, in *Belcher* v. *Haskell* (249 App. Div. 251, *supra*).

In *Issem* v. *Slater* (*supra*) (App. Div., 1st Dept.), the defendant's motion was similar to the one in question; and the court stated (p. 60), " Since attaining his majority, it is not shown that the defendant or his attorneys participated in the action in any way or ever recognized the validity of the judgment after inquest " and held that judgment was void, and cited as authority therefor its own case, *Jacobson* v. *Krekell* (223 App. Div. 440, *supra*). Abstractedly, the above-quoted statement tends to uphold plaintiffs' contention; but, in the light of

the facts of said case, gleaned from the papers on appeal therein, its intendment becomes apparent. There, the infant was improperly served, but he appeared in the action by an attorney and interposed an answer, and during the pendency thereof became of age, and subsequently defaulted in appearing for trial and judgment was taken against him. Hence, the distinguishing features thereof were the infant defendant's appearance in the action and his attainment of majority during the pendency thereof. Under those circumstances, not only did section 492 of the Civil Practice Act become inapplicable, but said defendant or his attorney could have conferred jurisdiction on the court by some affirmative act. (*Pacilio* v. *Scarpati,* 165 Misc. 586; *Petker* v. *Rudolph,* 168 Misc. 909.) Concerning what acts may have said effect, it should be noted that it was held in the afore-mentioned *Jacobson* v. *Krekell* (*supra*) that the failure of an infant defendant to appeal from an order denying his motion to vacate a judgment, which order was entered after he reached the age of twenty-one years, was of no consequence, as the judgment was void and he was not bound thereby.

I am, therefore, of the opinion that the statement above quoted was peculiar to the facts of that case, and, if it is to be regarded as a rule of law, shall be applied where facts similar thereto exist, but not where a judgment is entered during the infancy of a defendant, upon whom there had not been proper service, and for whom no guardian ad litem had been appointed, even though said defendant may have recognized the judgment as valid after he reached his majority. Any other construction thereof would result in reducing to an absurdity the principles of a void judgment.

Motion is granted. Submit order.